UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARK SAM, | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| COHEN & SLAMOWITZ, LLP, | } | |
| MITCHELL SELIP, MITCHELL G. SLAMOWITZ, | } | |
| AND DAVID A. COHEN, | } | |
| Defendants. | } | |

**COMPLAINT – CLASS ACTION**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Mark Sam [hereinafter "Sam"], complains of Cohen & Slamowitz, LLP [hereinafter "C&S"], Mitchell Selip (hereinafter "Selip"), Mitchell G. Slamowitz (hereinafter "Slamowitz") and David A. Cohen (hereinafter "Cohen"), collectively, individually and in any combination known as Defendants, and shows the court the following:

1. This court has jurisdiction of this case pursuant to section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d).  This court also has jurisdiction of this case pursuant to 28 USCS § 1331.

2. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

3. Venue in this district is proper based on Plaintiff's location; Defendants' regular transaction of business within this district; and Defendants having derived substantial revenue from services rendered in this district.

4. Venue in this district also is proper in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

5. Sam is a natural person who currently resides at 202 Lord Street, Dunkirk, NY  14048.

1

6.  Sam is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  C&S is a limited liability partnership with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY  11797.

8.  The principal purpose of C&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9.  C&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10.  Selip is an attorney and individual with a principal place of business located at C&S.

11.  Selip controls and/or supervises the debt collection activities of C&S.

12.  Selip is a debt collector as defined by the FDCPA.

13.  Selip is accordingly liable for the acts of C&S.

14.  Slamowitz is an attorney and individual with a principal place of business located at C&S.

15.  Slamowitz is an owner of Mitchell G. Slamowitz, P.C., one of the two limited liability partners of C&S, a main financial beneficiary of C&S either directly or through being an owner of the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

16.  Slamowitz is a debt collector as defined by the FDCPA.

17.  Slamowitz is accordingly liable for the acts of C&S.

18.  Cohen is an attorney and individual with a principal place of business located at C&S.

19.  Cohen is an owner of David A. Cohen, P.C., one of the two limited liability partners of C&S, a main financial beneficiary of C&S either directly or through being an owner of

2

the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

20. Cohen is a debt collector as defined by the FDCPA.

21. Cohen is accordingly liable for the acts of C&S.

22. On or about January 10, 2007, C&S commenced a consumer collections lawsuit against Sam on behalf of Midland Funding, LLC and obtained a default judgment against Sam in a case in the City Court of the City of Dunkirk, County of Chautauqua under Index No. 2007-6853 ("State Action").

23. The original creditor of the debt involved in the State Action was Columbus Bank and Trust Company in relation to an Aspire Visa credit card.  It assigned the debt to Jefferson Capital Systems, LLC who assigned the debt to Midland Funding LLC.

24. Based on the transaction history provided by Columbus Bank and Trust Company to Jefferson Capital Systems, LLC who then provided it to Midland Funding LLC, the alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. Based on the transaction history provided by Columbus Bank and Trust Company to Jefferson Capital Systems, LLC who then provided it to Midland Funding LLC, any use of the Aspire Visa credit card account occurred in Westfield, NY  14787.

26. At the time of the commencement of the State Action, Sam resided at 57 Union Street, Westfield, NY  14787; and in line with the industry practice and to avoid an FDCPA violation resulting from serving a consumer at their place of business and possibly improperly conveying information about the lawsuit to a third-party in violation of

3

the FDCPA, C&S determined which court to commence the lawsuit based on Sam's residence address of 57 Union Street, Westfield, NY  14787.

27. Sam never was served with the summons and complaint in the State Action, and knew nothing about the existence of the lawsuit or the default judgment.  In addition, as a result of Sam moving several times over the years since the start of the State Action and, upon information and belief, C&S not diligently working on this State Action or on collecting this alleged debt on a consistent basis over the years and for other reasons, Sam knew nothing of anyone trying to collect money from him in relation to an Aspire Visa Credit card, Columbus Bank and Trust Company or either of the above assignees of this debt until he received an income execution from the Chautauqua County Sheriff's office dated April 24, 2014 and issued by Eltman, Eltman & Cooper.  At that time Sam obtained the court file; and his attorney obtained documents regarding the Aspire Visa account and its assignments from Midland Funding LLC's current attorney in regard to the State Action, Eltman, Eltman & Cooper.

28. On May 13, 2014, Sam's attorney filed an Order To Show Cause with the court in the State Action to vacate the judgment and dismiss the case.  On June 9, 2014, Eltman, Eltman & Cooper as the attorney for Midland Funding LLC and Sam's attorney entered into a written stipulation vacating the default judgment and discontinuing the State Action with prejudice.

29. City Court Act § 213.  Section 213 of the City Court Act provides as follows:

> "§ 213. Residence or business within city.
>     (a)    In an action described in § 202, either a plaintiff or a defendant must:
>                 1.    be a  resident  of the city or of a town contiguous
>                       to such city, provided that such town is

(i) within the same county, and

(ii) contiguous to the city by land, and

(iii) not within either Nassau or Westchester counties; or

2.      have a regular employment within the city; or

3.      have a place for the regular transaction of business within the city.

(b)      A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city.

(c)      The requirements of subdivision (a) shall not apply:

1.      in an action described in § 404 (a), relative to a cause of action arising within the city; or

2.      in an action described in § 405, relative to actions in rem or quasi in rem; or

3.      in an action wherein service of summons is made pursuant to § 407, relative to service upon an attorney or clerk as agent of his client; or

4.      to a counterclaim, cross-claim, third-party claim, interpleader claim, or claim asserted by or against a party who has intervened in the action.

(d)      The requirements of this section shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading as prescribed in § 1002 of this act. Notwithstanding waiver by the parties, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section. Any dismissal under this section shall entitle the parties to the benefit of CPLR § 205, relating to an extension of time to commence a new action.

30. Sam at the time of the commencement of the State Action did not reside in the boundaries of the city where the City Court of Dunkirk is located or in a city contiguous to a city where the City Court of the City of Dunkirk is located.

31. Although irrelevant to the below mentioned cause of action, at the time of the commencement of the State Action, Sam did not have a regular employment within the

city of Dunkirk and did not have a place for the regular transaction of business within the city of Dunkirk.

32. Since Sam never was served in the State Action, he did not have an opportunity to submit a responsive pleading.  Therefore, he cannot be deemed to have waived his objection to this court's jurisdiction under City Court Act § 213.  <u>Casden v. Broadlake Corp.</u>, 263 N.Y.S.2d 345, 47 Misc.2d 847 (N.Y. City Ct., 1965).

33. 15 USC 1692i provides as follows:
    **(a) Venue**
    Any debt collector who brings any legal action on a debt against any consumer shall—
    **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
    **(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
    > **(A)** in which such consumer signed the contract sued upon; or
    > **(B)** in which such consumer resides at the commencement of the action.
    **(b) Authorization of actions**
    Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors."

34. There is no signed contract in a consumer credit card collection lawsuit such as the State Action; and a debt collector violates 15 USC 1692i if it does not bring an action to collect on the credit card debt "in the judicial district or similar legal entity in which such consumer resides at the commencement of the action".   15 USC 1692i(a)(2)(B); and <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011).

35. In New York state city courts such as the one in the State Action, the term "judicial district" as set forth in 15 USC 1692i(a)(2) "extends no farther than the boundaries of the city containing that court and the towns within the same county that are

contiguous by land thereto". <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011).

36. Although City Court Act § 213 grants a city court jurisdiction if a defendant has a regular employment within the city where the city court is located or has a place for the regular transaction of business within the city where the city court is located, it is a violation of 15 USC 1692i if the legal action is brought by a debt collector against a consumer.

## FIRST CAUSE OF ACTION-CLASS CLAIM

37. Sam repeats and realleges paragraphs 1-36 of this Complaint.

38. Defendants violated 15 USC 1692i. by bringing the State Action against Sam in City Court of the City of Dunkirk on January 10, 2007.

39. A consumer's failure or agreement not to exercise their rights under City Court Act § 213 does not amount to a waiver of the venue requirements of 15 USC 1692i.

40. Between March 25, 2014 and April 29, 2014, Defendants signed and delivered a Consent to Change Attorney to Eltman, Eltman & Cooper.  Eltman, Eltman & Cooper filed this Consent to Change Attorney with the court in the State Action and relied on this Consent to Change Attorney in order to proceed to attempt to collect on the judgment obtained in the State Action.

41. Defendants' execution and delivery of the Consent To Change Attorney (1) were acts in connection with an attempt to collect a debt, (2) was a continuation of an attempt to collect a debt, and (3) amounted to assistance to Midland Funding LLC and its new attorney, Eltman, Eltman & Cooper in attempting to collect a debt all based on the State Action that had been brought in violation of 15 USC 1692i.    Based on the above,

Defendants' execution and delivery of the Consent To Change Attorney was a continuation of the violation of 15 USC 1692i initially occurring upon the filing of State Action.

## SECOND CAUSE OF ACTION-CLASS CLAIM

42. Sam repeats and realleges paragraphs 1-36 of this Complaint.

43. Defendants violated 15 USC 1692i. by bringing the State Action against Sam in City Court of the City of Dunkirk on January 10, 2007.

44. A consumer's failure or agreement not to exercise their rights under City Court Act § 213 does not amount to a waiver of the venue requirements of 15 USC 1692i.

45. The statute of limitations on this violation of 15 USC 1692i was equitably tolled until Sam received an income execution from the Chautauqua County Sheriff's office dated April 24, 2014 for the following reasons:

   a. Based on the facts set forth in paragraph 27 of this Complaint, Plaintiff remained ignorant of and could not have discovered the violation of 15 USC 1692i. until at least his receipt of the income execution on April 24, 2014;

   b. A violation of 15 USC 1692i is not the type of violation of which Sam would have known about before he consulted an attorney and he had no reason to and did not consult with an attorney until he was faced with the April 24, 2014 income execution; and

   c. Defendants wrongfully attempted to conceal their violation of 15 USC 1692i as follows:

      i. At the latest, after the Second Circuit's decision in <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011), Defendants knew they had been

8

incorrect on the application and meaning of 15 USC 1692i regarding the proper venue to sue a consumer in a city court;

ii.  Defendants never took action to vacate the judgment in the State Action, dismiss the State Action, close its file or cease collection efforts;

iii.  Defendants executed and delivered the aforementioned Consent To Change Attorney knowing it would result in continued attempts to collect on the judgment procured through the State Action without informing anyone of a potential issue; and

iv.  In the class action case in the Northern District of New York under File No. 6:13-cv-01319-FJS-ATB filed against Defendants by Sandra Baker prior to the aforementioned Consent To Change Attorney, Defendants, via their opposition to Sandra Baker's motion to certify a class, continue to argue that there suing a consumer in a city court located in a city in which she did not reside and was not contiguous by land to a city where she resided may not violate 15 USC 1692i.

## CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

47. The class consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by

land thereto and (f) where either the original action or a collection proceeding was filed on or after January 10, 2007 through the date of the filing of this action.

48. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

50. Since a violation of 15 USC 1692i cannot be waived regardless of what occurs in the city court action, the predominant common questions are whether the action in the city court was to collect an amount owed under a consumer credit card account and whether the consumer at the time of the commencement of the action in the city court resided within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto.

51. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is the superior means of adjudicating this dispute.

53. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages of $1,000 for plaintiff;

2. Statutory damages of $1,000 for each class member in a total amount not to exceed the lesser of $500,000 or 1% of the net worth of all the defendants;

3. Actual damages of Plaintiff representing the emotional toll of discovering the income execution and the improper judgment and the emotional toll and cost of having to defend against the income execution and the improper judgment;

4. Costs and attorneys' fees allowed as a result of this action;

5. Any and all other relief deemed just and warranted by this court.

Dated:          July 29, 2014

/s/  Mitchell L. Pashkin_____          /s/  Frank Borgese_____
Mitchell L. Pashkin (MP 9016)          Frank Borgese, Esq. (9307)
Attorney For Plaintiff                 Attorney For Plaintiff
775 Park Avenue, Suite 255             Graham & Borgese, LLP
Huntington, NY  11743                  482 Delaware Avenue
(631) 629-7709                         Buffalo, NY  14202
                                       (716) 200-1520

File No.

_____

MARK SAM,

               Plaintiff,

    -v-

COHEN & SLAMOWITZ, LLP,
MITCHELL SELIP, MITCHELL G. SLAMOWITZ,
AND DAVID A. COHEN,

               Defendants.

_____

**COMPLAINT – CLASS ACTION**

_____

| | |
|---|---|
| Mitchell L. Pashkin | Frank Borgese, Esq. |
| Attorney For Plaintiff | Attorney For Plaintiff |
| 775 Park Avenue, Ste. 255 | Graham & Borgese, LLP |
| Huntington, NY  11743 | 482 Delaware Avenue |
| (631) 629-7709 | Buffalo, NY  14202 |
| | (716) 200-1520 |

12