UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARK SAM, | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 1:14-cv-00611-JTC |
| | } | |
| COHEN & SLAMOWITZ, LLP, | } | |
| MITCHELL SELIP, MITCHELL G. SLAMOWITZ, | } | |
| AND DAVID A. COHEN, | } | |
| Defendants. | } | |

**NOTICE OF MOTION**

**TO:** (See attached service list.)

**PLEASE TAKE NOTICE** that on November 5, 2014, we will appear at the United States

District Court, for the Western District of New York, 2 Niagra Square, Buffalo, New York 14202,

and present the following: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** pursuant

to Fed. R. Civ. P. 23.

Dated:            September 10, 2014


/s/  Mitchell L. Pashkin                             /s/  Frank Borgese
Mitchell L. Pashkin (MP 9016)              Frank Borgese, Esq. (9307)
Attorney For Plaintiff                           Attorney For Plaintiff
775 Park Avenue, Suite 255                   Graham & Borgese, LLP
Huntington, NY  11743                         482 Delaware Avenue
(631) 629-7709                                     Buffalo, NY  14202
                                                            (716) 200-1520

## CERTIFICATE OF SERVICE

I, Mitchell l. Pashkin, hereby certify that on August 19, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and sent by first-class postage paid mail to the below parties who have not yet appeared in this action:

Thomas Leghorn, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street
New York, NY 10017

Dated:            September 10, 2014


/s/  Mitchell L. Pashkin                        /s/  Frank Borgese
Mitchell L. Pashkin (MP 9016)          Frank Borgese, Esq. (9307)
Attorney For Plaintiff                          Attorney For Plaintiff
775 Park Avenue, Suite 255              Graham & Borgese, LLP
Huntington, NY  11743                      482 Delaware Avenue
(631) 629-7709                                    Buffalo, NY  14202
                                                             (716) 200-1520

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARK SAM, | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 1:14-cv-00611-JTC |
| | } | |
| COHEN & SLAMOWITZ, LLP, | } | |
| MITCHELL SELIP, MITCHELL G. SLAMOWITZ, | } | |
| AND DAVID A. COHEN, | } | |
| Defendants. | } | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this court enter an order certifying this case as a class action pursuant to FRCP 23.  Plaintiff also requests that this court appoint Mitchell L. Pashkin, Esq. and Graham & Borgese, LLP as co-counsel for the class.

The Seventh Circuit ruled in *Damasco v. Clearwire Corp.,* 662 F.3d 891, 894-97 (7th Cir. 2011), that a pre-certification motion offer of full individual relief to named plaintiffs does moot the remaining class action portion of a case.  Since the Second Circuit has not yet ruled on whether or not a Plaintiff must move for class certification prior to a defendant making an offer of judgment in order to avoid a potential class case being mooted by an offer of judgment, Plaintiff is making this motion to avoid the possibility of an offer of judgment mooting this potential class case.

The class which Plaintiff asks this court to certify consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto and (f) where either the original action or a collection proceeding was filed on or after January 10, 2007 through the date of the filing of this action.

3

For the reasons set forth in the Memorandum of Law, the merits of Plaintiff's claim and the claims of potential class members are set forth below.

**THE TIMING OF MARK SAM'S CLASS ACTION LAWSUIT**

Defendants' counsel has written the undersigned a letter asserting the commencement of this lawsuit well after the expiration of the statute of limitations for bringing an FDCPA lawsuit. This letter claimed that since the proof of service filed with the city court in the underlying action swears that Plaintiff was served personally with the Summons and Complaint in the underlying action on February 1, 2007, Plaintiff is too late to bring this lawsuit.  As explained below, since as alleged in paragraphs 27 and 28 of the Complaint Plaintiff actually was not personally served, knew nothing of the underlying lawsuit until April 24, 2014, brought an Order To Show Cause to vacate the judgment and dismiss the case in the underlying lawsuit based on the allegations in the proof of service being false, and the current attorney for the plaintiff in the underlying lawsuit agreed per a written stipulation to vacate the judgment and dismiss the case in the underlying lawsuit, the statute of limitations to bring this FDCPA lawsuit did not commence until April 24, 2014.

*RES JUDICATA/CLAIM PRECLUSION*

For the reasons stated below and based on the case law set forth in the Memorandum of Law, Defendants are barred from litigating whether or not Mark Sam was personally served with the lawsuit or knew about it until he received the income execution on April 24, 2014.

In the case at bar, the interests of the new attorney for the plaintiff and the plaintiff in the underlying lawsuit are virtually identical to the interests of Defendants.  All three parties had or have an interest in proving that service of the summons and complaint in the underlying lawsuit actually occurred as set forth in the aforementioned proof of service.  The new attorney for the

4

plaintiff and the plaintiff in the underlying lawsuit needed to do this in order to maintain the judgment and the income execution which was pending and prevent the lawsuit from being dismissed (The statute of limitations prevented re-suing Mark Sam.).  Defendants needed to do this in order to have a defense to the case at bar and not be blamed by the plaintiff in the underlying lawsuit, still a client of defendants, for preventing the collection of any money against Mark Sam.  The new attorney for the plaintiff specializes in the collection of dormant judgments and certainly is able to adequately defend against allegations of a lack of service.

Rather than entering into the aforementioned stipulation, the new attorney for the plaintiff certainly could have chosen to oppose the Order To Show Cause and attempt to have a hearing where a judge would determine whether the process server or Mark Sam was telling the truth.  This would be what would have to occur in the case at bar if at some point this court had to decide whether or not Mark Sam was served personally.  However, the new attorney for the plaintiff already made a decision not to do this.

Since based on res judicata/claim preclusion for the purposes of this case Mark Sam was not personally served with the lawsuit and knew nothing about it until he received the income execution on April 24, 2014, the question is whether or not the statute of limitations for the filing of this lawsuit commenced once Mark Sam became aware of this lawsuit on April 24, 2014.  Based on the legal arguments are set forth in the Memorandum of Law, the start of the statute of limitations clearly was tolled until April 24, 2014.

**VIOLATION OF PLAINTIFF'S RIGHTS UNDER 15 USC 1692i(a)(2)(B)**

As detailed in the Complaint, Defendants are debt collectors who in 2007 filed a lawsuit against Plaintiff.  Plaintiff is a consumer; and the lawsuit sought to recover a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  More specifically, the debt was based on Plaintiff's alleged use

and non-payment of an Aspire Visa credit card issued by Columbus Bank and Trust Company.  The defaulted and charged-off account was sold to Jefferson Capital Systems, LLC who then sold it to Midland Funding LLC.

Defendants filed the lawsuit in the City Court of the City of Dunkirk, County of Chautauqua. The City Court of the City of Dunkirk, County of Chautauqua is located at 342 Central Avenue, Dunkirk, NY  14048.  At the time Defendants filed the lawsuit against Plaintiff, the address used by Defendants for Plaintiff and the address provided to a process to serve Plaintiff with the lawsuit was 57 Union Street, Westfield, NY  14787.  This also happened to be Plaintiff's residence at the time. As shown on the New York State zip code map annexed as Exhibit A, 57 Union Street, Westfield, NY  14787 is not within the boundaries of the city containing the City Court of the City of Dunkirk, County of Chautauqua located at 342 Central Avenue, Dunkirk, NY  14048.  57 Union Street, Westfield, NY  14787 also is not contiguous by land to the city containing the City Court of the City of Dunkirk, County of Chautauqua located at 342 Central Avenue, Dunkirk, NY  14048.  As explained in the Memorandum of Law, Defendants filing the lawsuit in the City Court of the City of Dunkirk, County of Chautauqua located at 342 Central Avenue, Dunkirk, NY  14048 against Plaintiff who then resided at 57 Union Street, Westfield, NY  14787 was a violation of 15 U.S.C. §1692i(a)(2)(B).

Although City Court Act § 213 grants a city court jurisdiction if a defendant has a regular employment within the city where the city court is located or has a place for the regular transaction of business within the city where the city court is located, it still is a violation of 15 USC 1692i when the legal action is brought by a debt collector against a consumer to recover a debt as defined by the FDCPA.

The reason for this is based on the clear and undisputable language of 15 USC 1692i.

6

Nothing in 15 USC 1692i allows a debt collector to choose a court in which to sue a consumer to recover a debt based on the consumer's place of regular employment or place for the regular transaction of business.

Also, even if a consumer fails to object to a court's jurisdiction under City Court Act § 213 or consents to a court's jurisdiction despite a lack of compliance with City Court Act § 213, this does not eliminate a violation of 15 U.S.C. §1692i(a)(2)(B) or amount to a waiver of a consumer's right to bring an action for a violation of their rights under 15 U.S.C. §1692i(a)(2)(B).

The Memorandum of Law sets forth cases showing that a consumer cannot waive their rights to bring an action for an FDCPA venue violation.

## CERTIFICATION OF THE CLASS

Based on the above, the class which Plaintiff asks this court to certify consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the address used by Defendants for Plaintiff and the address provided to a process to serve Plaintiff with the lawsuit  or the address where the person resided at the time suit was filed was not within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto and (f) where either the original action or a collection proceeding was filed on or after January 10, 2007 through the date of the filing of this action.

FRCP 23(a) provides that a class action is appropriate only if:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to these prerequisites, a proposed class action must fall within one of the three

"types of class actions" described in Rule 23(b).  In this case, Plaintiff asserts that this class action is the type of class action set forth in Rule 23 (b) (3):

> "(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. "

**Rule 23(a) Requirements**

*i. Numerosity*

Exhibit B is a list of 47 instances (41 different consumers with multiple violations against several consumers) in addition to the lawsuit against Plaintiff in which Defendants have sued a consumer in the wrong city court during the applicable period.

Also, a person can do a search on New York State's ecourts system broken down by attorney and court.  I conducted on ecourts a search of all cases where Cohen & Slamowitz, LLP is listed as the attorney in any case in a city court filed in the years 2007 through the present.  The total number of these cases is 92,622 broken down as follows:

2007-18,121,

2008-18,282,

2009-19,910,

2010-15,535,

2011-9,199,

2012-5,135,

2013-4,413,

2014-2,027.

To establish "numerosity" and impracticality of joinder, Defendants would have had to sue a

8

consumer in the incorrect city court for the same reason as Plaintiff in only 39 out of the 92,621 cases filed by Defendants since 2007. This amounts to less than 1% of the 92,621 cases.

In addition, out of the aforementioned 92,622 cases, 11,710 were filed in the City Court of Rochester.  Rochester is located in Monroe County.  Monroe County has 92 different zip codes and 40 of them are associated with an address of Rochester, NY.  The Rochester City Court is located at 99 Exchange Blvd, Rochester, NY  14614.  Per the definition of "judicial district established by the Second Circuit in Hess, a consumer can be sued in the Rochester City Court only if they reside with the boundaries of the city where the court is located or in a town within the same county that is contiguous by land with the city where the Rochester City Court is located.  As shown by the zip code map annexed as Exhibit C, based on the body of water which runs along the city where the Rochester City Court is located, a consumer can be sued in the Rochester City Court under the FDCPA only if they reside at an address with a zip code of 14614 or 14608.  It just is not possible that the consumers all lived in one of these two zip codes in all of the 11,710 cases filed by Defendants in the Rochester City Court.

Also, we know from the case of Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011), that Defendants were suing consumers in the wrong court at least in the case of Hess when they sued him on 4/20/09.  Exhibit D is Defendants' motion to dismiss Hess' action in the lower court. Defendants' motion to dismiss Hess' action makes it clear and undisputable that Defendants operated their debt collection practice and their decisions and procedures regarding where to sue a consumer based on case law providing that the term "judicial district" meant anywhere in the county where the consumer resided.  Defendants' motion to dismiss Hess' action also makes it clear that suing a consumer in a court which is in the same county as the consumer satisfied Defendants' interpretation of the purpose of the FDCPA's venue provision and also according to Defendants

9

prevented an unreasonable burden being placed on ethical debt collectors.

Defendants won their motion to dismiss in the lower court in <u>Hess</u>.  <u>Hess v. Cohen &</u>
<u>Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011) was not issued until September 5, 2011.  The Second
Circuit in its opinion in the <u>Hess</u> case stated that Defendants "contend[ ] that the term "judicial
district or similar legal entity" refers to the county in which the consumer resides or in which the
contract was signed."

All of this shows that Defendants at least up until the time of the second Circuit's <u>Hess</u>
decision still believed that the law allowed them to sue a consumer in a city court as long as the city
court was located in the same county as a consumer's residence.        All of the above indicates
beyond mere speculation that at least prior to the Second Circuit's decision in <u>Hess</u>, Defendants'
regular practice based on their belief in the law and the purpose of the FDCPA and the need not to
place undue burdens on ethical debt collectors was to sue a consumer in a city court as long as the
city court was located in the same county as a consumer's residence; and as we now know from
<u>Hess</u>, this practice violates the FDCPA unless the consumer resides within the boundaries of the city
containing that court or a town within the same county that is contiguous by land thereto.  <u>Hess v.</u>
<u>Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011).

We also know that Defendants were suing consumers in the wrong court in the case of
Sandra Baker when they sued her in 2013.  In fact, as late as June 13, 2014 Defendants, via their
opposition to Sandra Baker's motion to certify a class, continued to argue that there suing a
consumer in a city court located in a city in which she did not reside and was not contiguous by land
to a city where she resided may not violate 15 USC 1692i.  They make this argument based on the
aforementioned unsupportable argument regarding the "**execution**" of a contract in contradiction to
the clear unambiguous word "**signed**" in 15 USC 1692i and also in contradiction to the clear holding

of the Second Circuit in <u>Hess v. Cohen & Slamowitz</u> that in consumer debt collection cases a debt collector violates 15 USC 1692i if it does not bring an action to collect on the credit card debt "in the judicial district or similar legal entity in which such consumer resides at the commencement of the action".  They insupportably and without any case law support argue that a violation of 1692i may not have occurred if a consumer was employed or had a regular place of business in the city where the court was located or used the credit card account in the city where the court was located.

Finally and perhaps most dispositive of all is the lawsuit filed by Defendants on August 1, 2014 on behalf of TD Bank against Lisa M. Yager in the City Court of Rochester under Index No. CV-008415-14 (Exhibit E).   Lisa M. Yager resides at 181 N Autumn Drive, Rochester, NY  14626.  As set forth in the Complaint, this lawsuit relates to a credit card debt.  As explained above, based on Lisa M. Yager's address, Defendants sued her in the wrong court in violation of the FDCPA.  In fact, despite the Second Circuit's express rejection of Defendants' position that "judicial district" meant county, the second paragraph of the August 2014 Complaint against Lisa M. Yager states as follows:

> "Upon information and belief, the defendant(s) resides or has an office in the county in which this action is brought, or the defendant(s) transacted business within the county in which this action is brought, either in person or through an agent and the instant cause of action arose out of said transaction.".

This paragraph both deceives consumers and evidences an unwillingness of or inability by Defendants to comply with the venue rules of the FDCPA.

The unwillingness rather than just the mere inability of Defendants to comply with the venue rules of the FDCPA is supported by a statement by Defendant Mitchell Selip to ABC News in response to their request for a comment from him regarding an FDCPA lawsuit against Defendant Cohen & Slamowitz, LLP shows Defendants' attitude towards compliance with the FDCPA and the

effect of the enforcement of the FDCPA on the collection of debts from consumers:

> "There is a cottage industry of attorneys out there who make a living suing banks and the companies that represent them based on the Fair Debt Collection Practices Act. Many are brought by those attorneys for the sole purpose of banks paying them 'nuisance values' — several thousand dollars — to make the case go away, regardless if there is any merit.  If someone doesn't pay money, it's only fair that they should pay it back. If they don't, those of us who pay back our bills wind up paying a higher interest rate on our credit cards."
> http://abcnews.go.com/blogs/business/2012/09/lawsuit-says-capital-one-practices-illegal-debt-collection/

This unwillingness is further supported by the February 2014 public censure of defendants Cohen & Slamowitz and David A. Cohen by the New York State Appellate Division, Second Department finding that David A Cohen had no idea of what was happening in his own firm despite being the senior partner.  The Appellate Division indicated that this was not his first warning to take steps designed at better oversight and was stopping at public censure only because of representations that it had established a compliance department designed to prevent these types of problems. However, the aforementioned continued violations of the FDCPA venue rules indicates that this is not actually occurring.  Even as far back as 2003, the courts in this district in the case of Miller v Wolpoff & Abramson, LLP 321 F.3d 292, 301 (2d Cir. 2003) found that the firm's other partner, Mitchell G. Slamowitz also had no idea of what was going on at the firm.

Based on Defendants' regular practice before and after the Second Circuit decision in Hess of suing sue a consumers in a city court as long as the city court was located in the same county as a consumer's residence, suing Sandra Baker in the wrong city court in 2013, suing Lisa M. Yager in the wrong court in August 2014 and the number of cases filed by Defendants in city courts between 2007 and the present (especially the Rochester City Court), there can be no doubt that even in addition to the list of cases on Exhibit B at least another 39 out of the 92,621 cases filed by Defendants since 2007 were filed in the wrong court in violation of 15 U.S.C. §1692i(a)(2)(B).

12

*ii. Commonality*

The common questions – the answers to which will resolve all the claims – are (1) whether the action in the city court was to collect an amount owed under a consumer credit card account and (2) whether the consumer at the time of the commencement of the action in the city court resided within the boundaries of the city containing that court or a town within the same county that is contiguous by land to the city containing that court. For each class member where the answer to the first question is yes and the answer to the second question is no, there will be the same exact injury, the violation of their rights under 15 U.S.C. §1692i(a)(2)(B) by being sued in an incorrect venue by a debt collector to recover a consumer debt.

*iii. Typicality*

Plaintiff's Complaint alleges the identical unlawful conduct regarding Plaintiff and the class sought to be represented. This identical unlawful conduct is the filing of a consumer credit card collection case in a city court where the consumer does not reside within the boundaries of the city containing that court or a town within the same county that is contiguous by land to the city containing that court.

Plaintiff also does not have "unique" claims or defenses. Beyond the location of the court Defendants sued him in, where Plaintiff resided, and whether Plaintiff resided within the boundaries of the city containing that court or a town within the same county that is contiguous by land to the city containing that court, there is no other fact or anything else about the case in the city court that will be determinative as to whether or not a violation of 15 U.S.C. §1692i(a)(2)(B) occurred. As explained above, there cannot be an issue as to whether or not a signed contract exists; and while regular employment or transaction of business within the city where the city court is located may

13

grant a city court jurisdiction under City Court Act § 213, it still is a violation of 15 USC 1692i when the legal action is brought by a debt collector against a consumer to recover a debt as defined by the FDCPA.  Finally, even if Plaintiff had consented or waived his right to object to jurisdiction under City Court Act § 213, this would not constitute a waiver of the violation of 15 U.S.C. §1692i(a)(2)(B).

Accordingly, Plaintiff's claims and defenses are "typical of the claims and defenses of the class.".

*Ascertainability*

For the reasons set forth above, a court can readily identify the class members in reference to objective criteria.  Defendant simply would provide a copy of the affidavit of service and/or summons and/or complaint for each lawsuit filed and served by Defendants on behalf of each and every client in a city court governed by section 213 of the City Court Act between January 10, 2007 and the date of the filing of this lawsuit.  At that point, the address of the consumer and the name of the court are ascertained from the above documents.  This is followed by the use of an appropriate map to determine whether or not as shown on the map, the consumer's address is within the boundaries of the city containing the city court chosen by Defendants to file the lawsuit against the consumer or contiguous by land to the city court chosen by Defendants to file the lawsuit against the consumer.  If it is not then the consumer is part of the class.  Otherwise, they are not part of the class.

*iv. Adequacy of Representation*

Plaintiff's allegation is simple and applies to each of the proposed class members. Moreover, the class members are tied together by a single legal theory – that filing a consumer credit card collection case in a city court where the consumer does not reside within the boundaries of the city containing that court or a town within the same county that is contiguous by land to the city

14

containing that court violated the FDCPA.

**Rule 23(b)(3) Requirements**

*i. Predominance*

The common questions of law and fact identified above also serve to satisfy this element. This is because as explained above, the issue at the center of this litigation –whether Defendants filed a lawsuit in the judicial district in which the consumer resided – is common to each of the proposed class members' claims.  In this sense, there are no material variations in the plaintiffs' claims, rendering this case appropriate for class-action treatment.

Class-action treatment is especially appropriate here because there is no subjective standard involved in determining the central issue as to each member of the proposed class.  Each of Plaintiff's claims will be determined simply by looking at an appropriate map and determining whether or not as shown on the map, the consumer's address is within the boundaries of the city containing the city court chosen by Defendants to file the lawsuit against the consumer or contiguous by land to the city court chosen by Defendants to file the lawsuit against the consumer.

*ii. Superiority*

For the reasons set forth in the Memorandum of Law, this element has been satisfied in this case.

**CLASS COUNSEL**

The qualifications of Mitchell L. Pashkin, Esq. and Graham & Borgese, LLP to be class co-counsel are set forth in the certifications annexed as Exhibit F.

## CONCLUSION

In conclusion, for all the above reasons, this court should certify the aforementioned class and appoint Mitchell L. Pashkin, Esq. and Graham & Borgese, LLP as co-counsel for the class.

Dated:          September 10, 2014

/s/  Mitchell L. Pashkin_____                        /s/  Frank Borgese_____
Mitchell L. Pashkin (MP 9016)                         Frank Borgese, Esq. (9307)
Attorney For Plaintiff                                Attorney For Plaintiff
775 Park Avenue, Suite 255                            Graham & Borgese, LLP
Huntington, NY  11743                                 482 Delaware Avenue
(631) 629-7709                                        Buffalo, NY  14202
                                                      (716) 200-1520