UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARK SAM,

                                        Plaintiff,

                -vs-                                        14-CV-611-JTC

COHEN & SLAMOWITZ, LLP,
MITCHELL SELIP,
MITCHELL G. SLAMOWITZ,
and DAVID A. COHEN,
                                        Defendants.

_____


On July 29, 2014, plaintiff Mark Sam filed a complaint seeking relief individually and

on behalf of a proposed class of similarly situated plaintiffs based on allegations that

defendants violated the venue provision of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692i,[1] by bringing a collection lawsuit against plaintiff in the City

Court of the City of Dunkirk, New York, and obtaining a default judgment thereon, at a time

when plaintiff was not a resident of the city or of a town contiguous thereto.  *See* Item 1.

Plaintiff has moved pursuant to Fed. R. Civ. P. 23 for certification of the class (Item 9), and

---

[1]§ 1692i.  Legal actions by debt collectors

(a) Venue

Any debt collector who brings any legal action on a debt against any consumer shall–

>     (1) in the case of an action to enforce an interest in real property securing
>     the consumer's obligation, bring such action only in a judicial district or
>     similar legal entity in which such real property is located; or

>     (2) in the case of an action not described in paragraph (1), bring such
>     action only in the judicial district or similar legal entity--
>         (A) in which such consumer signed the contract sued upon; or
>         (B) in which such consumer resides at the commencement of the
>         action.

15 U.S.C. § 1692i.

defendants have cross-moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, seeking dismissal of the complaint as time-barred (Item 15).

For the reasons that follow, these motions are denied.

## BACKGROUND

As alleged in the complaint, defendant Cohen & Slamowitz, LLP ("C&S"), a law firm engaged in the business of debt collection, commenced the Dunkirk City Court action against plaintiff, on behalf of its client Midland Funding, LLC ("Midland"), on or about January 10, 2007, seeking collection of a consumer debt related to an Aspire Visa credit card issued to plaintiff by Columbus Bank and Trust Company. At the time, plaintiff resided at 57 Union Street, Westfield, New York. Subsequently, on a date not set forth in the pleadings, exhibits, affidavits, or other materials in the record currently before the court, C&S obtained a default judgment against plaintiff. *See* Item 1, ¶¶ 20-24.

Plaintiff alleges that he was never served with the summons and complaint, and never otherwise received notice of the action, the entry of default judgment, or any debt collection activity until he received an income execution from the Chautauqua County Sheriff's office dated April 24, 2014, issued by the law firm of Eltman Eltman & Cooper (EEC) following substitution of attorneys and transfer of the Midland file from C&S to EEC. *Id.* at ¶¶ 22, 27, 40. Plaintiff further alleges that on May 13, 2014, shortly after receipt of the income execution, his attorney filed an order to show cause in the Dunkirk City Court action seeking to vacate the judgment of default and dismiss the case, and on June 9, 2014, his attorney entered into a written stipulation with EEC on behalf of Midland vacating

the default judgment and discontinuing the underlying collection action, with prejudice. *Id.* at ¶¶ 27-28.

Plaintiff claims that C&S, along with attorneys/partners Mitchell Selip, Mitchell G. Slamowitz, and David A. Cohen (referred to collectively herein as "C&S" or "defendants"), violated the FDCPA's venue provision by bringing the collection action against plaintiff in Dunkirk City Court on January 10, 2007, at a time when plaintiff was not a resident of the City of Dunkirk or of a town contiguous to city, as specified in section 213(a) of the New York Uniform City Court Act ("UCCA").[2] *Id.* at ¶¶ 26, 29-30.  Plaintiff purports to assert this claim on behalf of himself and as representative of a class consisting of:

> … (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto and (f) where either the original action or a collection proceeding was filed on or after January 10, 2007 through the date of the filing of this action.

*Id.* at ¶ 47.

Defendants seek dismissal of the action as time-barred, based on the one-year statute of limitations for claims brought under the FDCPA.  Defendants further contend

---

[2]UCCA § 213(a) provides that, in an action seeking recovery of money, either a plaintiff or a defendant must:

1. be a resident of the city or of a town contiguous to such city, provided that such town is
     (i)   within the same county, and
     (ii)  contiguous to the city by land, and
     (iii) not within either Nassau or Westchester counties; or
2. have a regular employment within the city; or
3. have a place for the regular transaction of business within the city.

N.Y. Uniform City Ct. Act § 213(a).

that, should the court consider plaintiff's motion for class certification, it should be denied as unsupported and premature.

## DISCUSSION

### I.  Rule 12(c): Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 520 (2d Cir. 2006). To survive a motion for judgment on the pleadings, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In applying this plausibility standard, "the court must examine the legal sufficiency of the claims alleged in the complaint by taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Janese v. Scrufari*, 2013 WL 5503953, at *3 (W.D.N.Y. Oct. 2, 2013) (internal quotation marks and citation omitted); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) (motion to dismiss an action as barred by statute of limitations "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

-4-

## II.      Statute of Limitations

The FDCPA requires that an action to enforce "any liability created by" the statute must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d);[3] *see DeJesus v. BAC Home Loans Servicing, LP*, 2014 WL 4804999, at * 4 (E.D.N.Y. Sept. 26, 2014).  In order to determine whether plaintiff's action was brought within one year from the date on which the alleged violation of § 1692i(a)(2) occurred, the court must first consider what is "the legally relevant event that constitutes the violation …." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 443 (5th Cir. 2013). Defendants maintain that the violation occurred on January 10, 2007, when C&S filed the allegedly offending collection suit against plaintiff.  Plaintiff contends that a cause of action for violation of § 1692i(a)(2) accrues not when the offending suit is filed, but when  the plaintiff receives notice of the suit, which in this case did not occur until April 2014, when plaintiff received the income execution from the Chautauqua County Sheriff's office.

By this argument, plaintiff invokes the "discovery rule" which recognizes that, as a general matter in federal litigation, a cause of action does not accrue, and the running of a limitations period does not begin, until the plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (internal quotation marks omitted)).  Defendants counter

---

[3]Section 1692k(d) specifically provides:

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

by citation to recent case law within the Second Circuit suggesting that Congress did not intend for the discovery rule to apply at all in FDCPA cases. For example, in *Benzemann v. Citibank N.A.*, 2014 WL 2933140 (S.D.N.Y. June 27, 2014), the plaintiff alleged that the defendant violated the FDCPA by improperly restraining his bank account in attempting to collect on a judgment entered against his brother. The defendant moved to dismiss the claim as time-barred because it was filed more than a year after the restraining notice was sent, and the plaintiff argued that the statute of limitations did not begin to run until he discovered the improper restraint when his bank account was actually frozen. Noting the absence of a controlling Supreme Court ruling on the issue of when the statute of limitations begins to run in an FDCPA action, and "contradictory precedent" both within the Second Circuit and among the appellate courts, the district court examined the statutory language and concluded that the wording of § 1692k(d), which "key[s] the start of the limitations' period to 'the date of the occurrence of the violation' " "plainly establishes" that Congress did not intend for the discovery rule to apply." *Benzemann*, 2014 WL 2933140, at *6 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 32 (2001); citing cases). The court therefore determined that the one-year FDCPA limitations period begins to run "not when the plaintiff discovers his injury, but when the defendant allegedly committed the violation." *Id.*

> Not only does this interpretation conform to the language of the statute, but it also advances the purposes of the FDCPA. We recognize that Congress passed the FDCPA to protect consumers from deceptive or harassing actions taken by debt collectors, and that the law was designed to protect all consumers, the gullible as well as the shrewd. However, the way that the FDCPA aimed to protect consumers was through regulating the conduct of debt collectors. Thus, in construing the FDCPA's provisions, the relevant actions are those of the debt collector–the party whose conduct the FDCPA was intended to regulate–rather than those of the debtor. It is therefore the

debt collector's alleged violation that triggers the FDCPA statute of limitations, not the awareness of the plaintiff.

*Id.* at *7 (citing 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors …."); *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 464 (6th Cir. 2013) ("As the purpose of the FDCPA is to regulate the actions of debt collectors, the focus should be on the debt collector's actions, not on the awareness of the debtor.") (other citations and internal quotation marks omitted)).

This result stands in contrast to the Fifth Circuit's holding in *Serna* (cited by plaintiff), which undertook its own analysis of the FDCPA's statutory language and determined "for purposes of § 1692k(d) that a violation of § 1692i(a)(2) does not occur until a debtor is provided notice of the debt-collection suit." *Serna*, 732 F.3d at 443.  Beginning with the proposition that "reasonable minds could differ—as they do here—regarding the triggering event for a violation to arise under § 1692i(a)(2) …," *id.*, the Fifth Circuit found the phrase "bring such action" as used in that subsection to be inherently ambiguous, and thus turned to a comprehensive discussion of the history and purposes of the FDCPA's legislative scheme "to determine which approach best encapsulates Congress's intent."  *Id.* at 445. Considering the statute's remedial nature and strong consumer protection policy disfavoring abusive debt collection practices, and buttressed by a contextual tracing of the origins of § 1692i(a)(2) to the Federal Trade Commission's implementation of fair-venue standards,[4] the circuit court concluded that in enacting the venue provision, Congress

_____

[4]The FTC's fair-venue standards "provide[ ] that if a creditor sues a consumer for a delinquent account, the creditor may sue the consumer only in the judicial district in which the consumer resides at the beginning of the action or signed the contract sued upon."  *In re J.C. Penney Co.*, 1986 WL 722090, at *4 (F.T.C. July 17, 1986).

intended to specifically address the hardship of requiring a debtor to respond to a debt

collection suit in a distant forum.  The court observed:

> This background guides our analysis in two significant respects.  First, in light of the earlier use of the terms "file" and "institute" in the Senate Report and FTC opinions, Congress's use of the phrase "bring such action" in § 1692i(a)(2) strongly suggests that Congress did not intend for this phrase simply to be equated with filing a pleading.  Had Congress intended for a violation to have occurred merely by filing, it would have used the phrase "file such action"; instead, Congress declined to use the word "file" and selected instead to use the broader term "bring."  Congress's decision to use the word "bring" rather than "file" demonstrates its intent that "bring such action" requires more than simply filing a pleading.
>
> Second, the fair-venue standards on which Congress relied did not seek to cure the harm of filing a suit per se, but rather addressed the hardship experienced by a debtor forced to respond to the suit in a distant forum.  Filing a pleading alone does not give rise to this hardship.  Instead, it is upon receiving notice of a debt-collection suit that the alleged debtor experiences the harm the fair-venue standards sought to remedy because it is then that he must respond to the suit.   Thus, the circumstances surrounding the FDCPA's adoption further compel us to conclude that for purposes of § 1692k(d) no violation of § 1692i(a)(2) occurs until the debtor is given notice of the debt-collection action.

*Id.* at 44-48.  Importantly, the Fifth Circuit specifically noted that its conclusion that a

violation of § 1692i(a)(2) was not complete until the alleged debtor receives notice of the

underlying debt-collection suit "has no bearing on whether a discovery rule could toll

§ 1692k(d)'s one-year limitation for filing suit after a violation arises."  *Id.* at 446 n. 12.

The differences in the analytical approaches taken by these courts highlights the

difficulty this court faces under the present procedural posture in determining when

plaintiff's FDCPA claims in this action accrued, and when the one-year statute of limitations

began to run.  Plaintiff expressly alleges that he was never served with the summons and

complaint in the underlying collection action, and that he did not otherwise receive notice

of the action until steps were taken in April 2014 to execute a default judgment entered

against him on some unspecified date.  For their part, defendants have submitted (as Exhibit A to the Answer in this action) the sworn Affidavit of Service filed in the collection suit attesting that plaintiff was, in fact, served with a true copy of the summons and complaint at his place of residence on February 1, 2007. *See* Item 13-1.  However, plaintiff further alleges that upon receipt of the income execution, his attorney immediately filed an order to show cause in the underlying suit which ultimately resulted in the entry of a written stipulation vacating the default judgment and discontinuing the collection action with prejudice.  From these pleaded facts, the reasonable inference can be drawn that the legitimacy of both the Affidavit of Service and the default judgment obtained thereby was successfully challenged by way of the order to show cause and eventual stipulation of dismissal of the collection suit, and further, that C&S knew filing the collection action in Dunkirk City Court was a violation of the FDCPA's venue provision, but failed to discontinue the action and otherwise wrongfully attempted to conceal the violation. *See Kearney v. Cavalry Portfolio Services, LLC*, 2014 WL 3778746, at *5 (E.D.N.Y. July 31, 2014) (applying doctrine of equitable tolling where plaintiffs alleged default judgment on underlying collection action was obtained through "sewer service," *i.e.*, intentional failure to effect service in order to prevent opportunity to respond to suit); *Sykes v. Mel Harris and Associates, LLC*, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (Equitable tolling available where a party does not discover the action exists until after default judgment is entered due to sewer service).

The court's difficulty is compounded by the parties' failure to plead or incorporate by reference pertinent factual information regarding the date on which default judgment

was entered in the collection action, further details regarding the basis for the order to show cause, or the reasons for vacating the default judgment.  In light of these difficulties, and considering the persuasiveness of the Fifth Circuit's on-point statutory analysis in *Serna* as well as the noted lack of controlling higher court authority on the issue, this court finds that plaintiff has plausibly asserted a claim for violation of § 1692i(a)(2) of the FDCPA that did not accrue until plaintiff received notice of the underlying debt-collection suit at a time and on a date that was within the one-year statute of limitations of § 1692k(d). Accordingly, the court denies defendants' motion to dismiss the complaint as time-barred.

## III.   Class Certification

As indicated above, plaintiff seeks to have the following class certified under Rule 23:

> (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto and (f) where either the original action or a collection proceeding was filed on or after January 10, 2007 through the date of the filing of this action.

To qualify for class certification, plaintiff must establish the following four elements:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   In addition to these elements, "Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable." *Bakalar v. Vavra*, 237 F.R.D. 59, 64 (S.D.N.Y. 2006).   The court "may then consider

granting class certification where it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.' " *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201–02 (2d Cir. 2008) (quoting Fed. R. Civ. P. 23(b)(3)).

Although the trial court must determine if an action is to be maintained as a class action "[a]t an early practicable time" after commencement of the action, Fed. R. Civ. P. 23(c)(1)(A), "this does not mandate precipitous action." *Chateau de Ville Prod., Inc. v. Tams–Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978)   Rather, class certification is appropriate "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal–Mart Stores, Inc. v. Dukes*, ___U.S.___, 131 S.Ct. 2541, 2551 (2011) (internal quotation marks and citation omitted). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

The "rigorous analysis" contemplated by the Supreme Court *Wal-Mart* is not practicable in this case, at such an early stage of the proceedings and on the current record.  Plaintiff sought certification of the class prior to discovery–indeed, prior to the filing of an answer, and there is insufficient evidence in the pleadings and submissions on file for plaintiff to establish the requisite elements of numerosity, commonality, typicality, adequacy of representation, predominance, or superiority by a preponderance.  Under these circumstances, an underdeveloped motion for certification may properly be deemed

premature, and the interests of the parties and the court are best served by deferring consideration of the motion until the litigation has advanced toward more complete discovery of facts pertinent to the analysis.

## **CONCLUSION**

Based on the foregoing, the following is ORDERED:

Plaintiff's motion for class certification (Item 9) is denied, without prejudice to renew upon a more fully developed record.

Defendant's cross-motion for judgment on the pleadings (Item 15) is denied.

In accordance with section 2.1B of the Plan for Alternative Dispute Resolution in the Western District of New York, the court finds that this case is appropriate for immediate referral to mediation. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the court no later than February 9 , 2015. The initial mediation session shall be held no later than April 1, 2015.

A status telephone conference shall be held on April 8, 2015 at 1 p.m. if this matter has not settled. A further schedule will then be set. The court will initiate the call.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   January 7, 2015
p:\pending\2014\14-611.mtd.jan5.2015